Case 4:20-cv-02379   Document 11   Filed on 09/24/20 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
September 24, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PEDRO JESUS HIDALGO CELERIO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-20-2379 |
| | § | |
| UNITED FIN. CAS. CO., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Pedro Jesus Hidalgo Celerio, the plaintiff, was injured by an underinsured motorist, Mya Newton. Celerio sued Newton and the United Financial Casualty Company, which removed. Celerio moves to remand to the 113th Judicial District Court of Harris County, Texas. The motion is denied.

**I.      Background**

Celerio alleges that, while he was driving for Uber Technologies, Inc. in February 2019, Newton changed lanes in an unsafe manner and hit his car, causing injuries. (Docket Entry No. 3-1 at 2, 3-2 at 2). Celerio had an underinsured motorist insurance policy through his employer, issued by United Financial. (Docket Entry No. 1-3 at 4).

In September 2019, Celerio filed a personal injury action against Newton in Texas state court. (Docket Entry No. 1-2). In October 2019, Celerio received permission from United Financial to settle with Newton's insurer for $100,000. (Docket Entry No. 1-5). Celerio accepted that offer, (Docket Entry No. 3-6 at 3), which was "inclusive of all damages, known and unknown, and any liens, assignments or statutory rights of recovery," (Docket Entry No. 1-5).

In April 2020, Celerio filed a supplemental petition in state court, naming Uber Technologies, Inc. as a defendant. Celerio asserted a claim under his underinsured motorist insurance policy, stating that he had settled all his claims against Newton but for an amount below his damages. (Docket Entry No. 3-2 at 2–3). After Uber was served, it contacted Celerio and explained that he had sued the wrong party. Uber explained that it is not an insurer and that United Financial had issued the insurance policy that would cover Celerio's claim. Uber forwarded a letter from United Financial confirming that it was the insurer and asking Celerio to dismiss Uber from the lawsuit. (Docket Entry No. 3-4)

In May 2020, Celerio filed a second supplemental petition, dropping Uber and adding United Financial. (Docket Entry No. 3-6). United Financial timely removed based on diversity of citizenship under 28 U.S.C. § 1332. Celerio has moved to remand. (Docket Entry No. 3).

## II.     The Legal Standard

A case may be removed to federal court under 28 U.S.C. § 1441(a) when federal subject-matter jurisdiction exists and the removal procedure has been properly followed. The removing party has the burden to show that federal jurisdiction exists. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Courts strictly construe removal statutes in favor of remand and against removal. *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002).

## III.    Analysis

Celerio asserts that remand is necessary because (a) the court lacks subject matter jurisdiction under § 1332 and (b) United Financial improperly removed the case. The court addresses each argument in turn.

### A.     Diversity Jurisdiction

Federal courts have original jurisdiction over any civil action "where the matter in controversy exceeds . . . $75,000" and is between "citizens of different States." 28 U.S.C. § 1332(a)(1). Celerio's complaint seeks damages above $75,00. (Docket Entry No. 3-6 at 4 (seeking "monetary relief over $200,000")). Although diversity exists between Celerio, a Texas citizen, and United Financial, an Ohio corporation, Celerio asserts that, because he named Newton in his state court action and because Newton is a Texas citizen, complete diversity is not present. (Docket Entry No. 3 at 3–4); *see* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of jurisdiction under section 1332(a) . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

Celerio's argument is undercut by the Certificate of Interested Parties that he filed with the court after his remand motion. (Docket Entry No. 6). In that Certificate, Celerio states that only he and United Financial are interested parties in this action and that he "is not aware of any other interested person or entity." (Docket Entry No. 6). By Celerio's own representation, Newton is no longer an interested party.

Even ignoring the Certificate, Newton is not a party to this action because Celerio improperly joined her. To show that a nondiverse defendant has been improperly joined, the removing party must prove either that there has been actual fraud in pleading the jurisdictional facts, which does not apply in this case, or that there is no reasonable possibility that the plaintiff could establish a cause of action against the nondiverse defendant in state court. *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). In determining whether there is a reasonable basis to predict that the plaintiff might recover against a defendant under state law, a court conducts "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint

3

to determine whether the complaint states a claim under state law against the in-state defendant." *Id.*

Celerio's second supplemental petition alleges no claims against Newton. (Docket Entry No. 3-6). Although Celerio's petition states that he would show that Newton's car collided with his due to her negligence, he also alleges that he has already settled his claims against Newton. (Docket Entry No. 3-6 at 2–3). Celerio asserts claims only against United Financial and seeks judgment against only one "Defendant." (Docket Entry No. 3-6 at 3–5). Celerio presents no claims against Newton. There is no "reasonable basis" to find that Celerio could recover against Newton in state court. *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995).

Newton's citizenship is disregarded for purposes of determining federal subject-matter jurisdiction. Because Celerio and United Financial are diverse, the court has jurisdiction under 28 U.S.C. § 1332(a).

### B. United Financial's Removal

#### 1. The Consent of All Defendants

Celerio asserts that removal was improper because United Financial did not obtain Newton's permission to remove. (Docket Entry No. 3 at 4). Newton was improperly joined, so United Financial was not required to obtain her consent. *See* 28 U.S.C. § 1446(b)(2)(A) ("all defendants **who have been properly joined** . . . must join in or consent to the removal of the action").

#### 2. Timeliness of Removal

Finally, Celerio asserts that United Financial failed to file a timely notice of removal. Section 1446(b)(1) provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading

setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1).

When Celerio added Uber to this action, Uber notified United Financial, which then drafted a letter to Celerio requesting that he dismiss Uber. (Docket Entry No. 3 at 3, 3-4). Celerio asserts that, because of those communications, United Financial was notified of the initial pleadings "as early as May 6, 2020," making the July 7, 2020, notice of removal untimely. (Docket Entry No. 3 at 3).

Notice of an action without or before service does not start the 30-day removal clock. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999). As the Fifth Circuit recently reiterated, a defendant who "was *aware* of the pending litigation when it received a courtesy copy of the complaint from the plaintiff[] . . . was not required to remove the action until it was formally served." *Thompson v. Deutsche Bank Nat. Tr. Co.,* 775 F.3d 298, 303 (5th Cir. 2014). United Financial was formally served on June 11, 2020. (Docket Entry No. 1-3). The § 1446(b)(1) window expired on July 11, 2020. United Financial's July 7, 2020, filing was timely.

**IV.  Conclusion**

Celerio's motion to remand, (Docket Entry No. 3), is denied.

SIGNED on September 24, 2020, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge